AMERICAN SAMOA GOVERNMENT, Plaintiff

v.

TUIFANU aka ETUALE ETUALE, Defendant

High Court of American Samoa
Trial Division

CR No. 18-88

June 30, 1989

Before REES, Associate Justice, VAIVAO, Associate Judge, and MATA'UTIA, Associate Judge

Counsel: For Defendant Etuale, Aumoeualogo Soli, Public Defender
For Respondent on the Order to Show Cause, Arthur Ripley Jr., Assistant Attorney General

On Order to Show Cause:

On June 15, 1988, defendant Etuale was sentenced to fifteen years imprisonment for the crime of Rape. The fifteen-year sentence was suspended and the defendant was placed on probation. One of the conditions of the probation was that defendant serve five years' detention at the Tafuna Correctional Facility, during which "[d]efendant is not to participate in any work release programs or be released from the Correctional Facility for any reason, except medical emergencies, without the prior approval of the Court . . . ."

On April 5, 1989, the Court received an affidavit to the effect that on or about March 18, 1989, defendant Etuale was at large in the village of Leone. If the allegations set forth in this affidavit had been true, it would appear that the Warden of the Tafuna Correctional Facility, and/or some official or officials responsible to the Warden, had violated the Court order.

The Warden of the Tafuna Correctional Facility was therefore directed to appear in the High Court to respond to the allegation that Etuale had been released in violation of the Court order; to explain in detail the circumstances surrounding such violation, if any; and, in the event a violation were proven, to show cause why he should not be held in contempt of Court.

At the hearing and a continuation thereof, it was not proven that Etuale was in Leone on March 18. It also appeared that the warden, to whom the Order to Show Cause had been issued, had not held that position March 18. It was therefore clearly shown that the warden had not been in contempt of court.

It did appear, however, that Etuale had been in Leone on March 25 in violation of the terms of his probation. The Commissioner of Public Safety appeared at the hearing and assured the Court of his determination that such violations not occur. Accordingly, he commissioned an investigation into the circumstances of Etuale's release on March 25.

It appears from this thorough and honest report that several prison officials --- including the former warden, at least one guard, and a "counselor" --- have knowingly and defiantly violated court orders by releasing prisoners from the Correctional Facility in violation of the terms of their probation. If Orders to Show Cause had been directed to these persons and the facts in the Commissioner's report had been proven in court, the persons in question would have been held in contempt of court.

The Commissioner has, however, adopted regulations with regard to release of prisoners for work release and other temporary release programs. These rules are designed to ensure that Court orders are observed and that dangerous criminals are not released into the community. One of the rules --- that no prisoners whose sentences include conditions forbidding release shall be eligible for such programs --- is already incorporated in the sentences in question, and is hereby made a part of this order.

The Order to Show Cause directed to the Warden is dismissed.

It is so ordered.